## PEOPLE *v.* WELLS.

1. CRIMINAL LAW—INSTRUCTIONS—REASONABLE DOUBT.

The court properly refused to instruct the jury in a criminal case that if a reasonable doubt of any of the facts necessary to convict the accused was raised in their minds by the evidence itself, or by the "ingenuity of counsel" upon any hypothesis reasonably consistent with the evidence, they should acquit.

2. SAME—DISORDERLY HOUSES—CONDUCT OF INMATES.

Upon a trial for keeping a house of ill fame an instruction that, if the respondent and her associates had always been well-behaved when on the streets, the jury hould take that fact into consideration as to their chastity, as, if they were unchaste, they would be liable to demonstrate acts of rudeness, or, in some way, throw out inducements, was properly refused, as invading the province of the jury.

3. SAME—REPUTATION—PREVIOUS MISCONDUCT.

One convicted of keeping a house of ill fame cannot com plain that the jury were instructed that, "however bad she may be, or however guilty of other offenses, the question

is whether she is guilty of the offense charged;" the instruction having been in her interest, to prevent undue weight being given to evidence which had appeared in the case affecting her character for chastity, and showing that she had previously been accused of selling liquor without a license.

4. SAME.

An instruction on a criminal trial that the questions for the jury to determine "are *cold, plain* questions of fact," is not erroneous as leading the jury to think that respondent is bad, and should be found guilty on general principles.

Error to Macomb; Eldredge, J. Submitted April 29, 1897. Decided May 11, 1897.

Sadie Wells was convicted of keeping a house of ill fame, and sentenced to imprisonment for two years in the Detroit House of Correction. Affirmed.

*Franklin P. Monfort* (*George X. M. Collier*, of counsel), for appellant.

*Fred A. Maynard*, Attorney General, and *John A. Weeks*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of the offense of keeping a house of ill fame. The record contains 49 assignments of error. Not all of them are discussed in the brief of counsel, and we shall still further limit the discussion in this opinion to such questions as may have some possible interest to the profession. It was urged that there was not sufficient evidence to justify a verdict. It will suffice to say that we think the evidence was not only abundant, but overwhelmingly convincing. It was, however, of a character which would render it improper to set it out at length in this opinion. An examination of all the exceptions to testimony satisfies us that no error was committed in this regard.

Error is assigned on the refusal to give respondent's fifth request, which reads as follows:

"Upon the trial of a criminal case, if a reasonable doubt of any of the facts necessary to convict the accused

is raised in the minds of the jury by the evidence itself, or by the ingenuity of counsel upon any hypothesis reasonably consistent with the evidence, that doubt is decisive in favor of the prisoner's acquittal."

This request was properly refused. The jury should not be instructed to regard the ingenuity of counsel as equivalent to evidence. The court did charge the jury upon this subject as follows:

"But, in cases of circumstantial evidence, each circumstance necessary to constitute a chain of evidence of guilt should, to justify conviction, be established by proof beyond a reasonable doubt; and, if you can reconcile the circumstances in evidence on any other theory than that of guilt on the part of respondent, your duty would be to acquit."

This sufficiently covered the ground.

Error is also assigned on the refusal to give the thirteenth of respondent's requests, which reads as follows:

"If it is shown that the respondent and her associates have always, when on the streets and about where they went, always been good-behaved, you should take that into consideration as to their chastity, as, if they were unchaste, they would be apt to demonstrate acts of rudeness, or, in some way, throw out inducements for persons."

We think this was also properly refused. To have given the instruction would have been to usurp the functions of the jury. The court can hardly know judicially the facts assumed by the proposed instruction.

Complaint is made of an instruction as follows:

"However bad she may be, or however guilty of other offenses, the question for you to determine here is whether she is guilty of the offense charged, and has that guilt been shown beyond a reasonable doubt?"

There was no error in this instruction. It had crept out in the testimony that respondent had been charged with selling liquor without a license, and testimony affecting her character for chastity had been given. This instruction was in her interest, and to ward against

the jury giving undue weight to those items of testimony which tended to show her guilty of other offenses.

The court said to the jury that the questions for their determination were cold, plain questions of fact. Counsel criticise this instruction as follows:

"The court could have said to the jury, 'The questions for you to decide are questions of fact;' but when he says. 'So really the questions for you to determine are *cold, plain* questions of fact,' emphasizing the adjectives 'cold' and 'plain,' he erroneously hardened the hearts of the jury, and they doubtless thought from this she was bad, and to be found guilty upon general principles, and not entitled to common consideration."

We are unable to see how this deduction is made, and we think the instruction not open to the criticism.

The other questions raised do not require discussion.

Conviction affirmed.

The other Justices concurred.